FLOYD ROBINSON, BOARD COM'RS *et al. v.* BOARD OF SUPERVISORS OF ITAWAMBA COUNTY.

[65 South. 461-62 South. 3.]

BOARD OF SUPERVISORS. *Appeal from decisions. Limitation.*
Where appellant had lost by limitation the right of appeal to the circuit court, from an order of the board of supervisors, they could not by again going before the board with practically the same petition and for the same purpose, and having entered again the former judgment, the right of appeal from which had been lost by limitation, obtain again a right of appeal.

APPEAL from the circuit court of Itawamba county.
HON. CLAUDE CLAYTON, Judge.

Petition by Floyd Robinson and others, road commissioners, to the board of supervisors of Itawamba county, for an order for publication of the sales of bonds, and

from an order of the circuit court affirming an order of the board denying the order, petitioners appeal.

The facts are fully stated in the opinion of the court.

*Wiley H. Clifton,* for appellant.

*W. D. & J. R. Anderson,* for appellee.

REED, J., delivered the opinion of the court.

This is an appeal by the road commissioners of the Fourth supervisor's district of Itawamba county from the judgment of the circuit court affirming an order of the board of supervisors of the county. In the order affirmed, the board refused to make any further order in the matter of the sale and issuance of bonds of the road district. This matter was before us on a former appeal. *Robinson v. Board of Supervisors,* 62 So. 3. The opinion delivered by us on that hearing contains a statement of the case as far as it had progressed at that time. It was therein held that mandamus would not lie to compel the board of supervisors to issue and sell the road bonds as desired by the commissioners; that the commissioners had the right of appeal, provided in section 80 of the Code of 1906, to the circuit court, from the decision of the supervisors. Shortly after the decision of the case on the former appeal, appellants filed with the board of supervisors a supplemental report and petition. In this they reviewed all of the proceedings in the matter before the supervisors up to and including the final order, which was the foundation for the mandamus suit, and prayed: (1) For another order for publication of the sale of bonds; (2) for allowance to commissioners and surveyors; and (3) for the fixing of the amount of the bonds to be offered for sale at either the sum of nineteen thousand five hundred dollars or twenty-one thousand dollars. In a prior order of the board the amount of the bonds had been fixed at twenty-one thousand dollars. In the order of the board made at

107 Miss. 23

the February term, 1913, in response to a second sup-
plemental report and petition, asking the board to amend
and modify an order made at the November meeting,
1911, the board denied the amendments requested, and
refused to make any further order in the case. As
stated above, no appeal was taken to the circuit court
from this action by the board, but mandamus was in-
voked. The petition filed by the commissioners after
the former appeal was decided by this court, and which
petition was considered at the August meeting, 1913, was
another supplemental report and petition, bringing no
new matter before the board, and asking, practically,
for the same action by the board as that prayed for in
the petition, which was acted on at the February meet-
ing.

We quote as follows from the order of the board made
at the August meeting, 1913, in response to the last sup-
plemental report and petition:

"This cause came on for hearing on the petition of
Floyd Robinson *et al.,* road commissioners of the Fourth
district of the said county, asking the board to make
an order for the issuance and sale of the bonds of the
said district with which to build roads. And it appear-
ing to the board that all matters and things involved
in this cause and said petitions were settled and deter-
mined by this board by an order entered in this cause
at its February meeting, 1913, on the fourth day of the
said month, which order is recorded in the minute book
1211 page 45 and 46: It is therefore ordered and ad-
judged by the board that no further order be made in
this cause; it being the judgment of the board that it
ought not to be done, and cannot be done under the
law."

From this order an appeal was taken to the circuit
court where the case was heard and determined on bill
of exceptions, as provided for in the statute.

Appellants had lost by limitation the right of appeal
from the order made at the February term, 1913, of the

board of supervisors. The order made at the August term, 1913, was in all respects the same as the February order. Appellants could not, by again going before the board with practically the same petition and for the same purpose, and having entered again the former judgment the right of appeal from which had been lost by limitation, obtain again a right of appeal. Appellants are barred of the right of appeal in this case.

*Affirmed.*